David Harford, California Bar No. 270696
Co-Counsel (admitted pro hac vice):
Christopher P. Galanek
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200
Email: david.harford@bryancave.com

Attorney for Defendant
KIMBERLY-CLARK WORLDWIDE, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MARICELA RODRIGUEZ, | Case No. 2:13-CV-6484-R-(JEMx) |
| Plaintiff, | Hon. Judge Manuel L. Real |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| WILSON INDUSTRIES; KIMBERLY-CLARK WORLDWIDE, INC.; KIMBERLY-CLARK CORPORATION; JACKSON-SAFETY; and DOES 1 through 100, Inclusive, | Date: August 4, 2014<br>Time: 10:00 a.m.<br>Courtroom: 8 |
| Defendants. | Complaint Filed: August 1, 2013 |

**[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Motion for Summary Judgment of Defendant, KIMBERLY-CLARK WORLDWIDE, INC. ("KCW"), came on for hearing before this Court, the Honorable Manuel L. Real, on August 4, 2014 at 10:00 a.m. After consideration of the parties' briefs and the oral arguments of counsel, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Plaintiff Maricela Rodriguez ("Plaintiff") worked as a production employee for Jackson Products, Inc. ("Jackson Products") at its facility in Pomona, California from August 2008 until her termination in February 2012.

2. In 2009, Kimberly-Clark Corporation acquired Jackson Products.

3. During her entire employment, Plaintiff received W-2s from Jackson Products.

4. KCW and Jackson Products are separate and distinct subsidiaries of Kimberly-Clark Corporation.

5. KCW never owned, operated, or managed the Pomona facility where Plaintiff worked.

6. When Plaintiff worked at the Pomona facility, she was a Jackson Products employee and never an employee of KCW.

7. Plaintiff's employment was terminated on or about February 18, 2012. The decision to terminate Plaintiff's employment was made by Jack Bourne, the operations manager of the Pomona facility, and human resources manager Joyce TenElshof, who were both employees of Jackson Products.

## CONCLUSIONS OF LAW

1. Summary judgment is proper where the record viewed in the light most favorable to the nonmoving party shows that there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law.

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California  90401-2386

*Maddock v. KB Homes, Inc.*, 631 F. Supp. 2d 1226, 1231-32 (C.D. Cal. 2007). Material facts are those necessary to the proof or defense of a claim and determined by substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of identifying relevant portion of the record to demonstrate the absence of a genuine issue of material fact. If the moving party meets this burden, the nonmoving party must produce evidence to support its claim or defense. If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment. *Nissan Fire & Marine Insurance Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

2. Under California and federal law, there is a strong presumption that a parent company is not the employer of its subsidiary's employees. *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998).

3. Separate business entities may be treated as a "single employer" or "integrated enterprise" if they meet the criteria of a four-factor test: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common financial control. *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1093 (C.D. Cal. 2002). While courts consider these four factors together, they have routinely held that common ownership or control are never enough to establish liability; instead, courts focus on centralized control of labor relations as the most important factor. *Laird*, 68 Cal. App. 4th at 738.

4. To satisfy the control prong, a parent must control *the day-to-day employment decisions* of the subsidiary," such as hiring, performance evaluations, and work assignments. *Maddock*, 631 F. Supp. 2d at 1242.

5. "Agency is a fiduciary relationship arising when one individual or entity consents to allow another individual or entity to act on its behalf and subject to its control." *Wynn*, 234 F. Supp. 2d at 1094.

6. To establish a parent corporation's liability for acts or omissions of its

subsidiary on an agency theory, a plaintiff must show more than mere representation of a parent by a subsidiary in dealings with third persons. The showing required is that a parent corporation so controls the subsidiary as to cause the subsidiary to become merely the agent or an instrumentality of the parent. *Laird*, 68 Cal. App. 4th at 738.

7. There is no evidence to establish that KCW acted in any way as Plaintiff's employer.

8. Plaintiff cannot establish that Kimberly-Clark Corporation and Jackson Products were an integrated enterprise under the four factor test set forth in *Laird*. 68 Cal. App. 4th at 738.

9. Plaintiff has not demonstrated that any entity other than Jackson Products controlled the day-to-day operations or employment decisions of Jackson Products. *Maddock*, 631 F. Supp. 2d at 1242. Evidence of training materials and documents referencing "Kimberly-Clark" are insufficient to create a genuine issue of material fact as to whether an integrated enterprise existed. *See Maddock*, 631 F. Supp. 2d at 1241; *Cellini v. Harcourt Brace & Co.*, 51 F. Supp. 2d 1028, 1034 (S.D. Cal 1999).

10. Even if Plaintiff could establish that Kimberly-Clark and Jackson Products were an integrated enterprise, Plaintiff's subsequent argument that KCW acted as the agent for Kimberly-Clark Corporation fails to create liability as an employer on the part of KCW.

11. Plaintiff has failed to introduce any evidence that KCW acted as an agent for Kimberly-Clark Corporation.

12. Even if Plaintiff could establish that KCW acted as Kimberly-Clark Corporation's agent, it would only have the effect of establishing that Kimberly-Clark Corporation is liable for the acts of KCW, not that KCW is liable for the acts of Kimberly-Clark Corporation. *Laird*, 68 Cal. App. 4th at 738; *see also Wynn*, 234 F. Supp. 2d at 1094.

[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

13. As a matter of law, KCW did not employ Rodriguez and cannot be held liable for any of her claims.

14. KCW is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

DATED: September 2, 2014

_____
Hon. Manuel L. Real